A motion to strike a cause from the calendar because not regularly therein is in time, if made when the cause is reached on the day calendar.

Appeal from special term.

Action by Alfred Poindexter against Henry Guy Carleton. From order denying a motion to strike the case from the calendar, defend-ant appeals. Reversed, and motion granted.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Burnham Kalisch, for appellant.

Hector M. Hitchings, for respondent.

O'DWYER, J. On October 25, 1898, defendant served his answer. October 26, 1898, plaintiff served notice of trial for November 4, 1898. October 31, 1898, defendant served an amended answer. No further notice of trial was served; and, in opposing a motion to advance the cause to the short-cause calendar, defendant, in his affi-davit, distinctly made the point that the case was improperly on the calendar, inasmuch as no notice of trial was served after the service of the amended answer. Defendant herein did not waive his right to the relief asked for, and, having made the motion before the case was regularly reached, he was in ample time. He had a right to wait until the case was reached on the day calendar, and then move to strike it therefrom, if irregularly thereon.

Order appealed from should be reversed, and motion granted, with $10 costs and disbursements.

FITZSIMONS, C. J., concurs.

---

### FINNIGAN v. BIEHL.

(City Court of New York, General Term. December 27, 1899.)

1. DANGEROUS PREMISES—CONTRIBUTORY NEGLIGENCE.

    A boy making a reasonable effort to recover his hat after it had blown into a hole, over which was a tilted grating that was appurtenant to an-other's premises, is not guilty of contributory negligence, precluding a re-covery for injuries caused by the falling of the grating.

2. SAME—NEGLIGENCE.

    A landowner negligently permitting a grating appurtenant to his prem-ises to be tilted over an open hole is liable for injuries caused by the fall-

ing of the grating on the fingers of a boy attempting to get his hat after it had blown into the hole.

3. SAME—LANDLORD AND TENANT.
    A landlord is liable to third persons for injuries caused by his negligently permitting a grating used to cover a hole appurtenant to the premises to be tilted, in the absence of any provision in the lease requiring the tenant to keep the grating in repair.

Appeal from trial term.

Action by Joseph Finnigan, by his guardian, against Frederick Biehl. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

A. P. Orrell, for appellant.
A. Levy, for respondent.

PER CURIAM. The plaintiff, a boy aged 11 years, was injured by the fall of an iron grating which was appurtenant to the premises No. 465 West Fifty-First street. This was a corner house in this city. He lost one of his fingers, and one other was severely injured. These injuries were caused April 16, 1897, in the following manner: The grating was situated on the Fifty-First street side of the house, and was intended to cover and guard a hole beneath it. The plaintiff was on his way home from the Sacred Heart Church, situated on that street, where he had just attended religious service. The wind, which was blowing hard, blew his hat off his head, and into the hole mentioned, which was not then covered by the grating. The grating was standing up, and was tilted. While plaintiff was in the act of getting his hat out of the area hole, the grating fell upon his fingers, causing the injuries mentioned. The plaintiff certainly had a right to make all necessary and reasonable efforts to recover his hat, and we agree with the jury, after reading the testimony carefully, that he was not guilty of contributory negligence. In fact, we think that in his efforts to recover his hat he exercised as great care as could be expected, even if he were an adult. At least, that was a question of fact for the jury, and we shall not interfere with their conclusion upon that question. No doubt, it was the duty of the defendant to use all reasonable care to make and have said grating safe and sound. There is abundant evidence in the case proving that he failed to do so, and that he had at least constructive, if not actual, notice of its defective and dangerous condition. Even the testimony of defendant's witnesses shows that it was out of order and dangerous about one month prior to the day in question, but that it was repaired and made safe. This fact, however, was contradicted, and under the circumstances was also a question for the jury to determine. It was proper to exclude the Butler lease. There is nothing in it that bound the tenant to repair the grating in question. We think that the verdict was a proper one, and that no error was committed during the trial.

The judgment must be affirmed, with costs.